1   ROBERT S. McLAY (SBN 176661)
    MARIA S. QUINTERO (SBN 223629)
2   **HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
    203 Redwood Shores Pkwy., Suite 480
3   Redwood City, CA 94065
    Telephone:  650.637.9100
4   Facsimile:  650.637.8071

5

6   Attorneys for Defendant
    **LEXINGTON INSURANCE COMPANY**

7

8                   UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                      (FRESNO DIVISION)

11   MT. HAWLEY INSURANCE COMPANY,          CASE NO.
                                            [Formerly Fresno Superior Court Action No.
12              Plaintiff,                  10-CE-CG-03176]

13        v.

14   LEXINGTON INSURANCE COMPANY, and       **LEXINGTON INSURANCE COMPANY'S
     DOES 1 – 100,                          NOTICE OF REMOVAL OF CIVIL
15                                          ACTION UNDER 28 U.S.C. SECTION
                Defendants.                 1332, 1441(a)
16                                          [DIVERSITY JURISDICTION]**

17                                          **DEMAND FOR JURY TRIAL**

18

19        **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20        PLEASE TAKE NOTICE that defendant Lexington Insurance Company ("Lexington")

21   hereby removes to this Court the state action described below:

22        1.   Lexington is a defendant in the civil action commenced on September 9, 2010, in the

23   Superior Court of the State of California, County of Fresno, Case No. 10-CE-CG-03176 entitled *Mt.*

24   *Hawley Insurance Company v.  Lexington Insurance Company, and DOES 1 through 100.*

25        2.   Lexington was served with a copy of the Summons and Complaint on September 30,

26   2010.  A true and correct copy of the Complaint is attached hereto as Exhibit "A" and is

27   incorporated as part of this notice.  The Summons and Complaint constitutes all of the process and

28   pleadings received by Defendant Lexington.

286800                                     - 1 -

3.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one that may be removed to this Court by Lexington pursuant to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

4.   Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") is a citizen of Illinois. (Complaint 1:22-23.)  Mt. Hawley's principal place of business is also the State of Illinois. Defendant Lexington, at the time of the commencement of this action, and at all times since, has been a citizen of the State of Delaware (Complaint 1:24-26), having been incorporated under the laws of the State of Delaware, and has as its principal place of business the State of Massachusetts.

5.   The fact that the amount in controversy exceeds the minimum requirement for diversity jurisdiction can be determined by the nature of the claims and the amount and type of damages sought in the Complaint.

6.   Within the Complaint Mt. Hawley alleges it is the insurer for Long Construction Inc., ("LCI") from May 21, 2005, through May 21, 2006.  (Complaint, 3:4-7.)  LCI is a general building contractor who performed work on a parking lot project at the Willow & Nees Shopping Center. (*Id.*).  The parking lot was the location where an individual tripped and injured herself.  (Complaint, 2:11-15).  The injured party filed suit against the owner of the property.  (Complaint, 2:11-15.)  The property owner's insurer, AMCO Insurance Company ("AMCO"), defended and settled the personal injury case on behalf of the property owner.  (Complaint, 2:19-24. See, also, exhibit "2" to Complaint, pp. 4 & 5.)  AMCO has now filed suit against LCI, and others, for claims including negligence, indemnity, and for insurance subrogation ("The Subrogation Action").  (Complaint, 2:19-24.)

7.   AMCO claims in The Subrogation Action that LCI, "negligently, planned, contracted. . . [and] built . . .[the parking lot] so as to allow work to be performed in a negligent manner, and without adequate care, so as to cause. . . the surface of the parking lot area to contain or develop defects or other uneven surfaces or depressions in the pavement so as to cause a hazard and unsafe condition. . ." (Complaint, exhibit "2," p. 4, ¶GN-1.)

286800

LEXINGTON'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

8.   In The Subrogation Action against LCI, AMCO is seeking $500,000 plus 7% interest for the sums it paid to resolve the underlying personal injury action. (Complaint, 2:19-24. See also, Complaint, exhibit "2" – attached Statement of Damages.)

9.   Mt. Hawley alleges that a sub-contractor who worked on the project for LCI, Fresno Plumbing & Heating, Inc., ("Fresno Plumbing) is required to defend and indemnify LCI in The Subrogation Action. (Complaint, 2:25-3:3). Fresno Plumbing was insured by Defendant Lexington from January 31, 2003, through January 31, 2004, and from January 13, 2005 through January 13, 2006. (Complaint, 3:10-15.) Further, Mt. Hawley alleges that Defendant Lexington owes its insured (LCI) duties and obligations as an Additional Insured under the Lexington insurance policy. (Complaint, 3:1-3.)

10.   Mt. Hawley finally alleges that Defendant Lexington has improperly refused to provide a defense to LCI in The Subrogation Action. (Complaint, 3:18-19.) As a result, Mt. Hawley contends that it has paid, and continues to pay, more than its fair share for LCI's defense and/or indemnification and is entitled to reimbursement, contribution, and indemnity. (Complaint, 4:3-7.)

11.   "Where there is no trial and no judgment establishing liability, the settlement by the indemnitee (here, AMCO in The Subrogation Action) becomes presumptive evidence of the liability and the amount thereof, which presumption is subject to being overcome by proof." (*Phoenix Ins. Co. v. United States Fire Ins. Co.* (1987) 189 Cal.App.3d 1511, 1526.) As the general contractor in charge of, and who worked on, the allegedly defective project, LCI faces potential exposure to AMCO of at least $500,000 which is the sum it allegedly paid to settle the underlying personal injury action. As alleged, Defendant Lexington could potentially be liable for not only this sum, $500,000, but also for defense costs. Assuming an adverse finding on various  factual issues and legal coverage determinations, even if Mt. Hawley (as the insurer for LCI) paid 50% of the potential damages of the claims sought, Defendant Lexington could still potentially be exposed to a claim in excess of $250,000.

///

///

///

286800

**LEXINGTON'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL**

12.  Accordingly, the allegations in Mt. Hawley's Complaint establish the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Dated:  October 25, 2010                    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP


By  /s/ Robert S. Mclay
ROBERT S. MCLAY
MARIA S. QUINTERO
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY


## DEMAND FOR JURY TRIAL

Lexington hereby demands a trial by jury as provided by Rule 38, subdivision (a), of the Federal Rules of Civil Procedure.

Dated:  October 25, 2010                    HAYES SCOTT BONINO ELLINGSON & McLAY, LLP


By  /s/ Robert S. Mclay
ROBERT S. MCLAY
MARIA S. QUINTERO
Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

286800

**EXHIBIT A**

**COPY**

1  Clyde C. Greco, Jr., Esq., SBN 085970
2  clyde.greco@gtlaw.cc
   Peter J. Schulz, Esq., SBN 167646
3  pjs@gtlaw.cc
   GRECO TRAFICANTE SCHULZ & BRICK
4  185 West F Street, Suite 400
   San Diego, California 92101
5  Tel:    (619) 234-3660
6  Fax:    (619) 234-0626
7  Attorneys for Plaintiff MT. HAWLEY INSURANCE COMPANY

F I L E D

SEP - 9 2010

FRESNO COUNTY SUPERIOR COURT
By _____
                        LE - DEPUTY

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF FRESNO

11  | MT. HAWLEY INSURANCE COMPANY, | Case No.: 10 CE CG 03 1 7 6   *JYH* |
    |---|---|
12  | Plaintiff, | **COMPLAINT FOR:** |
13  | v. | 1. **EQUITABLE CONTRIBUTION** |
14  |  | **AND/OR INDEMNIFICATION;** |
15  | LEXINGTON INSURANCE COMPANY, and DOES 1 through 100, | 2. **EQUITABLE SUBROGATION; AND** |
16  | Defendants. | 3. **DECLARATORY RELIEF** |
17

18

19          COMES NOW, MT. HAWLEY INSURANCE COMPANY ("MT. HAWLEY") for

20  causes of action against defendants and alleges as follows:

21                  **GENERAL STATEMENT OF FACTS**

22          1.      MT. HAWLEY is an Illinois insurance company, authorized to transact

23  business in the State of California as a surplus lines insurance company.

24          2.      Plaintiff MT. HAWLEY is informed and believes, and thereon alleges,

25  that Defendant LEXINGTON INSURANCE COMPANY ("LEXINGTON") is a Delaware

26  corporation conducting business in the State of California as a liability insurer.

27          3.      Plaintiff MT. HAWLEY is not aware of the true names and capacities of

28  the defendants named herein as DOES 1 through 100, inclusive, and therefore sues these

1    defendants by such fictitious names.  MT. HAWLEY will seek leave of this Court to amend

2    this Complaint to show the true names and capacities of these fictitiously named defendants

3    when the same have been ascertained.

4         4.     Plaintiff MT. HAWLEY is informed and believes, and thereon alleges, that

5    Long Construction, Inc. ("Long") was the general contractor on a parking lot project at the

6    Willow & Nees Depot Shopping Center in Clovis, California (hereinafter "the Project").

7         5.     Plaintiff MT. HAWLEY is informed and believes, and thereon alleges, that

8    Long entered into a subcontract with Fresno Plumbing & Heating, Inc. ("Fresno Plumbing")

9    whereby Fresno Plumbing agreed to perform various work at the Project.  A true and correct

10   copy of the Fresno Plumbing subcontract is attached as **Exhibit "1."**

11        6.     MT. HAWLEY is informed and believes, and thereon alleges, that Long's

12   work on the project was completed in 2003.  In November of 2005, Susan Alday contends

13   that she tripped on a parking lot indentation located on the project property and suffered

14   personal injuries as a result.  Ms. Alday filed suit against the owner of the project, Depot

15   Properties One.

16        7.     AMCO Insurance Company ("AMCO") is an insurance company licensed

17   to engage in the business of insurance in the State of California.  AMCO issued one or more

18   policies of insurance to Depot Properties One.

19        8.     On or about November 6, 2008, AMCO filed suit against Long Construction

20   and others in the Fresno County Superior Court, Case No. 08CECG03891 (hereinafter the

21   "Underlying Action") purporting to set forth causes of action for negligence, indemnity, and

22   insurance subrogation alleging that AMCO was required to pay benefits arising out of the

23   Alday complaint filed against Depot Properties, Inc.  A true and correct copy of the complaint

24   in the Underlying Action is attached hereto as **Exhibit "2."**

25        9.     Long Construction is named as one of the defendants in the Underlying Action

26   and is insured under a policy of insurance issued by plaintiff MT. HAWLEY.

27        10.    Fresno Plumbing is not named as a direct defendant in the Underlying Action,

28   however, pursuant to its subcontract with Long, Exhibit "1" hereto, Fresno Plumbing is

1  required to defend and indemnify Long Construction in the Underlying Action.  In addition,

2  Long Construction is named as an additional insured under the policy or policies of insurance

3  issued to Fresno Plumbing by defendant LEXINGTON.

4  **THE INSURANCE POLICIES**

5  11.     Plaintiff MT. HAWLEY issued a commercial general liability policy of

6  insurance to Long Construction for the period of May 21, 2005 through May 21, 2006,

7  pursuant to MT. HAWLEY policy number MGL0144403.

8  12.     Plaintiff MT. HAWLEY is defending Long Construction in the Underlying

9  Action under a reservation of rights.

10  13.     Plaintiff MT. HAWLEY is informed and believes, and thereon alleges,

11  that LEXINGTON issued a commercial general liability policy to Fresno Plumbing for

12  the period of January 31, 2003 through January 31, 2004, pursuant to Lexington Policy

13  No. 1141789; and for the period January 13, 2005 through January 13, 2006, pursuant to

14  Lexington Policy No. 1142835.  LEXINGTON may also have insured Fresno Plumbing for

15  the period January 2004 through January 2005.

16  14.     On November 23, 2009, a tender was issued to LEXINGTON to provide a

17  defense and indemnification to Long Construction.

18  15.     To date, LEXINGTON has refused to acknowledge its defense obligation to

19  Long Construction in the Underlying Action.

20  **FIRST CAUSE OF ACTION FOR EQUITABLE CONTRIBUTION AND/OR**

21  **INDEMNIFICATION AGAINST ALL DEFENDANTS**

22  16.     Plaintiff repeats and incorporates herein by reference paragraphs 1 through 15

23  above, as though set forth in full.

24  17.     MT. HAWLEY contends that defendants LEXINGTON and DOES 1 through

25  100 had and have a duty to defend and/or indemnify Long Construction in the Underlying

26  Action.

27  18.     LEXINGTON and DOES 1 through 100 have breached their respective duties

28  by wrongfully refusing to defend or indemnify Long Construction in the Underlying Action,

1  thereby compelling MT. HAWLEY to incur costs and expenses which should be borne by

2  Defendants.

3         19.    MT. HAWLEY has paid and continues to pay more than its equitable share

4  for Long Construction's defense and/or indemnification in the Underlying Action.

5         20.    MT. HAWLEY is entitled to reimbursement, contribution and indemnity

6  from defendants LEXINGTON and DOES 1 through 100 in an amount to be proven at the

7  time of trial.

8         **SECOND CAUSE OF ACTION FOR EQUITABLE SURBROGATION**

9                    **AGAINST ALL DEFENDANTS**

10        21.    Plaintiff MT. HAWLEY incorporates by reference paragraphs 1 though 20,

11  and incorporates them herein as through set forth in full.

12        22.    Plaintiff MT. HAWLEY is subrogated to Long Construction's rights against

13  Defendants and is entitled to an equitable subrogation recovery from such defendants, and

14  each of them, for all sums that it has expended, and continues to expend, in attorneys' fees,

15  expert/consultants, costs and indemnification in the Underlying Action by reason of the

16  following: (1) Defendants owe a duty to defend and/or indemnify Long Construction in the

17  Underlying Action and have breached these duties; (2) Plaintiff MT. HAWLEY is defending

18  Long Construction in the Underlying Action and has or will pay more than its fair share of the

19  defense or indemnification in relation to the Underlying Action.

20        **THIRD CAUSE OF ACTION FOR DECLARATORY RELIEF**

21                    **AGAINST ALL DEFENDANTS**

22        23.    Plaintiff repeats and incorporates herein by reference paragraphs 1 through 22

23  above, as though set forth in full.

24        24.    MT. HAWLEY contends that LEXINGTON and DOES 1 through 100

25  issued insurance policies applicable to the incident which is the subject of the Underlying

26  Action.

27        25.    MT. HAWLEY contends that LEXINGTON and DOES 1 through 100 owe

28  Long Construction a defense and/or indemnity in the Underlying Action and that they should

1  equitably contribute their fair share of the defense and/or indemnity of Long Construction as

2  determined by the Court in equity.

3        26.     LEXINGTON and DOES 1 through 100 dispute that they owe a defense and/or

4  indemnity to Long Construction for the Underlying Action.

5        27.     Therefore, a judicial controversy exists between MT. HAWLEY on the one

6  hand, and LEXINGTON and DOES 1 through 100 on the other hand, such that declaratory

7  relief is appropriate.

8  **PRAYER**

9      WHEREFORE, Plaintiff MT. HAWLEY prays for judgment against Defendants

10  LEXINGTON and DOES 1 through 100, and each of them as follows:

11  **FIRST CAUSE OF ACTION**

12        1.     For reimbursement from Defendants for all or an equitable portion of

13  the defense fees, costs and expenses and/or indemnity payments incurred by Plaintiff MT.

14  HAWLEY with respect to Long Construction in the Underlying Action;

15        2.     For interest at the legal rate with respect to the amounts that will be proven

16  at trial to be owed to MT. HAWLEY by Defendants;

17        3.     For costs of suit incurred herein; and

18        4.     For such other and further relief as this Court may deem just and proper.

19  **SECOND CAUSE OF ACTION**

20        1.     For equitable subrogation recovery of all defense fees and costs, indemnity

21  or other expenses incurred by Plaintiff MT. HAWLEY with respect to Long Construction

22  in the Underlying Action;

23        2.     For interest at the legal rate with respect to the amounts that will be proven

24  at trial to be owed to MT. HAWLEY by Defendants;

25        3.     For costs of suit incurred herein; and

26        4.     For such other and further relief as this Court may deem just and proper.

27  **THIRD CAUSE OF ACTION**

28        1.     A judicial declaration of the rights of Plaintiff MT. HAWLEY and the

1    obligations of Defendants with respect to the defense and indemnification of Long

2    Construction in the Underlying Action;

3        2.      A judicial declaration that Plaintiff MT. HAWLEY is entitled to

4    reimbursement from Defendants for sums that MT. HAWLEY has paid with respect to the

5    defense and/or indemnification of Long Construction in the Underlying Action that exceed

6    MT. HAWLEY's equitable share of such expense;

7        3.      For costs of suit herein incurred; and

8        4.      For such other and further relief as this Court may deem just and proper.

9

10    Dated: September ___ℓ___, 2010      GRECO TRAFICANTE SCHULZ & BRICK

11

12                          By: _____

13                             Clyde C. Greco, Jr., Esq.
                               Peter J. Schulz, Esq.

14                             Attorneys for Plaintiff
                               MT. HAWLEY INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

Contractors License No. _____

## Subcontract Agreement

THIS AGREEMENT, made and entered into at Fresno, California, this __4__
day of __JUNE__, 2003, by and between __LONG CONSTRUCTION, INC (LCI)__
whose mailing address is __4321 N WEST AVENUE, STE. 106, FRESNO__, hereinafter
referred to as CONTRACTOR, and __FRESNO PLUMBING & HEATING, INC__

whose address is: __2585 N. LARKIN AVE, FRESNO, CA 93727__

Phone No.: __(559)   294-0200__

Facsimile No.: __( 559 ) 294-0300__

Contractor's License No.: __424352__

hereinafter referred to as SUBCONTRACTOR,

RECITALS

Section 1. Contractor has entered into a written contract for construction work,
hereinafter referred to as the GENERAL CONTRACT, with _____
_____ hereinafter called LEASEE, to be performed at and on the
real property generally describe as __WILLOW & NEES DEPOT SHOPPING CENTER,CLOVIS__

Section 2. Subcontractor agrees to furnish in the below-described construction
work, to the approval and entire satisfaction of the Architect and Contractor, all tools,
equipment, apparatus, facilities, scaffolding, labor and materials necessary to perform and
complete in a good and workmanlike manner as per plans and specifications the work of

Section 3. Subcontractor shall familiarize himself with the provisions of the
General Contract in detail, and specifically with respect to the time for the performance of the
construction work covered thereby, and shall commence and complete the various parts of its
work at the times necessary in order to facilitate and not impede the progress of construction as
a whole, and to diligently prosecute Subcontractor's work to completion.

Should Subcontractor fail to commence its work at the time required, or fail to
diligently prosecute its work, or fail to supply a sufficiency of tools, equipment, apparatus,
facilities, scaffolding, materials or labor, and should such failure continue after twenty-four
(24) hours written notice from the Architect or Contractor, which notice shall be conclusive as
to the fact of such failure, Contractor may supply the deficiencies and complete said work. The
actual cost of completion to Contractor, plus ten percent (10%) thereof, shall be borne by
Subcontractor, and shall be deducted from the Subcontract price, and if it exceeds the unpaid
part of the Subcontract price, the excess upon demand shall be paid by Subcontractor to
Contractor.

The time for the performance of this Subcontract shall be extended by such
period during which Subcontractor is delayed in its work by the acts or neglect of Contractor,
or its employees, or by acts of God which Subcontractor could not have foreseen and provided
for; or by any strikes or like trouble among mechanics or laborers employed by Subcontractor,
which delay the work and which strikes or like trouble are not due to any fault or negligence on
the part of Subcontractor; or by the breach by said Subcontractor of the provisions of the
General Contract in respect to the employment of labor, or of any contract of Subcontractor
with any bargaining agency for mechanics or laborers; provided that for any such delay
Subcontractor shall procure the Architect's approval in writing as to such extension in the
manner and within the times prescribed by the General Contract.

Section 4. Subcontractor warrants that it has and will maintain at its own cost all
Federal, State, County, or City licenses necessary to enable it to perform the work.

EXHIBIT    1

Section 5. Before any work is performed under this Subcontract, written proof of compliance with the requirements of this section shall be furnished to Contractor. All Certificates of Insurance must be executed by an authorized representative of Subcontractor's insurer and certificate shall provide for at least TEN (10) DAYS written notice to Contractor prior to the cancellation or modification of any insurance referred to therein. Contractor may also at any time call for, and Subcontractor shall promptly furnish, true and exact copies of all policies of insurance according to the coverage required herein and any endorsement or changes thereto.

Subcontractor shall maintain Workers' Compensation insurance as required by law and Employer's Liability insurance. Subcontractor also shall maintain in full force and effect during the term of this Subcontract, Comprehensive General Liability and Automobile Liability insurance with a company satisfactory to Contractor, protecting Subcontractor, Owner and Contractor against liability from damages because of injuries, including death, suffered by persons other than employees of Subcontractor, and liability from damages to property on a broad basis and arising from any operation of Subcontractor (including the operation of automobiles, trucks and other vehicles owned or rented) in connection with this Subcontract and including liability arising after completion of such operations. The Comprehensive General Liability insurance shall expressly cover the contractual liability assumed by Subcontractor under said section of this Subcontract. Unless specified to be a greater amount by the General Contract, in which case those greater amounts shall govern, Comprehensive General Liability insurance shall be in the sum of not less than $1,000,000.00 Combined Single Limit. Subcontractor shall obtain from its insurers for all insurance coverages applicable to the work and/or required hereunder, a waiver of subrogation against Contractor, Owner and the agents and employees of each.

Should Subcontractor sublet any of the work to a third party, Subcontractor (a) shall maintain in full force and effect during the term of this Subcontract, Contractor's Protective Liability coverage with the same limits as specified for Comprehensive General Liability above, and (b) shall require such third party to furnish the same insurance and indemnity as are required of Subcontractor hereunder and show evidence thereof to Contractor on a Certificate furnished to Contractor.

Subcontractor shall name Contractor as an additional insured regarding the above-referenced insurance, and, as a condition precedent to Subcontractor's first payment, Subcontractor shall cause each of Subcontractor's insurance companies to deliver to Contractor an original Insurance Services Office, Inc. form 2010, Policy Amendment, showing Contractor as an additional insured. To the extent that said policies provide indemnification, the coverage provided by said policies shall be primary. In the event any claims arise out of Subcontractor's performance of the work, Contractor may provide, from funds payable to, or which may become payable to Subcontractor, a fund for payment of said claim and to provide for the payment of the defense of Contractor from said claim and indemnification.

All required insurance must be written by an "A.M. Best" "B" Rated insurer (not rated B- or less) admitted to write insurance in the State where the work is located at the time the policy is issued. The insurer shall maintain such rating and admittance through the life of the Subcontract or Subcontractor shall obtain other insurance at Subcontractor's sole cost with an insurer so rated and admitted.

The fact that Subcontractor has obtained the insurance required in this Subcontract shall in no manner lessen nor affect Subcontractor's obligations or liabilities set forth in this Subcontract.

Section 6. Subcontractor is familiar with the provisions of the General Contract, if any, with respect to employment of labor, and in particular with respect to the citizenship of workmen, wage scales, minimum rates of pay, hours of labor, rates of overtime, and affidavits as to non-rebate of wages.

Section 7. Contractor shall have all of the rights with respect to inspecting, sampling, testing and rejecting the work that the General Contract provides Owner and Architect.

Section 8. Subcontractor agrees to clean up and remove all debris, rubbish and surplus materials as the work progresses, and agrees to keep his own work protected from

damage by elements and from damage likely otherwise to be occasioned in the performance of construction work, and to protect all other parts of the work from damage likely to be caused by Subcontractor's work, and should any such damage be so caused, to immediately repair the same. Any default of Subcontractor in any such cleaning, protection, or repairs, may be remedied by the Contractor, for the account of Subcontractor, and the cost plus ten percent (10%) thereof shall be deducted from the Subcontract price.

Section 9. Contractor agrees to pay Subcontractor for the performance of his work, the sum of TWO HUNDRED TWENTY THOUSAND TWO Dollars ($220,215.00). HUNDRED FIFTEEN------------------

(a)    Invoices submitted to and approved by the 25th day of the month shall be paid, less 10% retention, on the 10th day of the following month or as soon as thereafter as payment is received from owner or lender providing construction financing. All such invoices must be dated and signed by Subcontractor and shall clearly identify the work done by said Subcontractor including a designation of the job number, and a statement as to the percentage of completion of each subcontract component, if any, as set forth in paragraph 2 herein above.

(b)    Final payment shall be due upon the completion of the work subject to Contractor's approval and a complete written release of all liens. Final payment is to be made upon the satisfaction of the foregoing conditions and any other conditions provided for in this subcontract and as soon as final payment for said work has been received from owner or lender providing construction financing.

(c)    Invoices for any costs above those shown in Exhibit "A" must be accompanied by change orders signed by job superintendent. did you want this here in?

Subcontractor shall be paid in installments in accordance with the manner of payment and rate of retention set forth in the aforesaid General Contract Documents as it applies to payments made by Owner to Contractor, within ten (10) working days after each payment has been received by Contractor from Owner, and only to the extent that the payment received by Contractor from Owner includes payment for work performed by Subcontractor. Subcontractor understands that Subcontractor will be paid only from a special fund, and that such special fund is defined as the monies received by Contractor from Owner on account of work performed by Subcontractor. Subcontractor agrees that Contractor shall pay from funds received from owner for the work performed and Contractor shall have no obligation to fund payments until funds are received or claims are resolved. Before any payment is made, Subcontractor shall furnish to Contractor, upon Contractor's request, such written acceptances as required by the General Contract and receipted bills for labor and materials, and lien releases.

Without limiting the foregoing provision, if Owner withholds payment to Contractor on account of a dispute, whether or not the dispute relates to work performed by Subcontractor, then Subcontractor may exercise any right that Subcontractor may have to demand and enforce payment from Owner directly, including the right to file mechanics liens, for the amount of payment due to Subcontractor, and Subcontractor agrees to allow Contractor to pursue to conclusion such claim before asserting a claim against Contractor.

Section 10. Subcontractor agrees that any sales taxes or other taxes affecting the work, have been included in the Subcontract price and will be paid by Subcontractor.

Section 11. Should Contractor at any time during the progress of the work, request any alterations, deviations, additions, or omissions from this Subcontract, it shall be at liberty to do so, and the same shall in no way affect or make void the Subcontract, but the amount of the Subcontract price shall be increased or reduced, as the case may be, by a fair and reasonable valuation of the cost of such alteration, deviation, addition, or omission, except that if there is attached hereto a schedule showing the computation of the Subcontract price, or any part thereof, on a unit basis, the unit prices so fixed shall govern, and except that if there are provisions in the General Contract that govern alterations, deviations, additions, or omissions from this Subcontract, as it applies to the General Contract, those provisions of the General Contract shall govern.

NOTWITHSTANDING THE FOREGOING, NO ADDITION TO THE SUBCONTRACT PRICE SHALL BE MADE AND NO WORK OF LESSER VALUE THAN THAT CALLED FOR IN THIS SUBCONTRACT OR THE GENERAL CONTRACT

- 3 -

~~DOCUMENTS SHALL BE ACCEPTED~~, EXCEPT UPON ~~WRITTEN CHANGE ORDERS~~ ~~SIGNED BY BOTH OWNER'S REPRESENTATIVE AND CONTRACTOR.~~

Section 12. This Agreement represents the entire agreement of the parties and supersedes all prior written and/or oral agreements and representations.

Section 13. All work covered by this Agreement done at the construction site or in preparation or delivery of materials or equipment to the site, shall be at the risk of Subcontractor exclusively. Subcontractor shall with respect to all work which is covered by or incidental to this Subcontract, indemnify and hold Contractor harmless from and against all of the following:

(a)   Any claim, liability, loss, damage, cost, expense, including attorneys' fees, awards, fines or judgments arising by reason of the death or bodily injury to persons, injury to property, design defects (if said design originated by Subcontractor), or any other loss, damage claim or expense, including Contractor's alleged or actual negligent act or omission, regardless of whether such act or omission is active or passive; and

(b)   Any and all claims, liability, loss, damage, cost, including reasonable attorneys' fees, awards, fines or judgments arising by reason of obligation or indemnity which Contractor has to Owner; and

(c)   Any claim, liability, loss, damage, cost, expense, including attorneys' fees, awards, fines, or judgments arising by reason of any alleged infringements of patent rights.

It is expressly acknowledged and agreed that each of the foregoing indemnities is independent and shall be given such force and effect. Said indemnity was negotiated for as part of this agreement. Subcontractor shall not be obligated under this agreement to indemnify Contractor with respect to Contractor's sole negligence or willful misconduct, whether or not said misconduct relates to Contractor, his agents or servants, or Subcontractors who are directly responsible to Contractor, excluding Subcontractor herein.

As part of this indemnification, Subcontractor agrees that Contractor may establish a fund from funds payable to, or which may become payable to, Subcontractor to satisfy any and all claims arising in connection with these indemnities or any other of Subcontractor's contractual obligations.

Section 14.   Subcontractor shall at his own cost and expense abide by and comply with all laws and ordinances which are now or may hereafter during the course of the work herein provided be in effect, and all rules and regulations of any competent public authority, and all such laws, ordinances, rules and regulations applying to any of the undertakings herein stated on the part of Subcontractor are made part of this Subcontract by reference thereto, with the same force and effect as though fully set out here verbatim. Subcontractor acknowledges and represents that he is thoroughly familiar with all such laws, ordinances, rules and regulations.

Section 15.   Notice to either party shall be in writing, and delivered in person to the other party's office, by facsimile, by telegram, or by prepaid and Certified United States mail deposited in the post office in the City of Fresno, California, and addressed, respectively to Contractor at the address first above stated in this Subcontract and to Subcontractor at the address as listed herein before.

Section 16.   Lien Free Indemnity. Subcontractor shall at all times keep the project lien free. Should Subcontractor, a subcontractor to the Subcontractor, employee or supplier file a lien on the project, Subcontractor agrees to hold Contractor harmless from the claim (s), defend the lien foreclosure action at Subcontractor's sole expense, and pay any resulting judgment. Subcontractor agrees that Contractor may hold any and all funds reasonably necessary to insure compliance with this contract provision. Contractor may pay lien claims using funds due Subcontractor and deduct same from Subcontractor's contract including but not limited to retention funds. Contractor shall be entitled offset all costs and expenses incurred including all attorneys' fees by contractor in connection with liens involving Subcontractor.

- 4 -

IN WITNESS WHEREOF, at the place and the day and year first above written the parties intending to be bound hereto execute this Agreement through their Authorized Agents.

Executed in Fresno, California, on the date first hereinabove written.

"CONTRACTOR"                    "SUBCONTRACTOR"

By: _____        By: _____

Its: _____        Its:  *V.P*
_____

S:\Documents\Client Files\13470014\Subcontract Agreement.wpd

                                        TIME    : 05-24-'10 12:45
                                        FAX NO.1 : 559-226-5108
                                        NAME    : Myron F.Smith Law

FILE NO.        :   784
DATE            :   05.24 12:53
TO              :   ☎ 19259346700
DOCUMENT PAGES  :   6
START TIME      :   05.24 12:53
END TIME        :   05.24 12:55
PAGES SENT      :   6
STATUS          :   OK

                  ***   SUCCESSFUL TX NOTICE   ***

                        MYRON F SMITH
                        ATTORNEY AT LAW
                        4081 N WEST AVENUE
                        SUITE 105
                        FRESNO, CALIFORNIA 93705
                        TELEPHONE (559) 226-5100
                        FACSIMILE (559) 226-5108
                        May 24, 2010

Via Facsimile 925-934-6700 and U.S. Mail

Michael W. Melendez
Melendez & Associates
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597

            Re:   Amco Insurance Co. v. Bud Long, Inc., et al.
                  Mt. Hawley Claim No. 00226063

Dear Mr. Melendez:

            I received your last correspondence with an additional level of frustration. In prior correspondence, I had advised that neither Long Construction nor Fresno Plumbing could locate a copy of the subcontract agreement for the work on the Depot project. However, I contacted the President of the company to discuss the situation. He passed me on to his wife, who is responsible for the office including subcontract agreements.

            After a lengthy conversation, she agreed to initiate a complete search of their files in the hopes the subcontract was in another "file". On Saturday, the 22nd, I received via e-mail a copy of the "missing" subcontract agreement. I enclose a copy of the Fresno Plumbing and Long Construction subcontract agreement for the work at the Depot Shopping Center. I continue to tender the defense of the subrogation action for the Alday injuries to Mt. Hawley for defense. I hope that Mt. Hawley will reconsider it unreasonable refusal to defend Long Construction. I say unreasonable as I have provided other subcontracts showing the insurance required provisions and each subcontractor involved in the work listed Long Construction as additional insured on their policies in force at the time of the work (as required by Mt. Hawley). I believe that a jury would conclude that Long Construction complied with the terms of the Mt. Hawley policy.

                              Very truly yours,

                              Myron F. Smith

MFS:kko

# EXHIBIT "2"

From: J30C-OFFICE 714-963-2847                    11/08/2008 12:40    #438 P.003/008

08-018621

## SUMMONS
### *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BUD LONG, INC; LONG CONSTRUCTION, INC; GARRETT
CONSTRUCTION, INC; PRECISION CIVIL ENGINEERING, INC
AND DOES 1 TO 50

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**

NOV - 6 2008

FRESNO COUNTY SUPERIOR COURT
By_____
LE-DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
AMCO INSURANCE COMPANY

You have 36 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 36 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* FRESNO COUNTY SUPERIOR COURT 1100 Van Ness Avenue Fresno, CA 93710 UNLIMITED CIVIL | CASE NUMBER: *(Número del Caso):* 08 CE CG 03891 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John P. Rutan, Jr., Esq #120266               949.250.5524        Fax: 949.250.5537
Law Offices of Goates & Chopak
1201 Dove St., #300,
Newport Beach, CA 92660

DATE: NOV - 6 2008                    Clerk, by  L. ESPARZA                Deputy
*(Fecha)*                             *(Secretario)*                       *(Adjunto)*
(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): BUD LONG, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 415.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

9-14-09
Served.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Legal
Solutions
by Fax

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

## EXHIBIT 2

From: JJDC-OFFICE 714-353-2949 11/06/2008 12:40 #438 P.002/008

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

John F. Rutan, Jr., Esq #120266
Law Offices of Goates & Chopak
1201 Dove St., #300

08-018621

Newport Beach, CA 92660
TELEPHONE NO.: 949.250.5524    FAX NO.: 949.250.5537
ATTORNEY FOR (Name): Plaintiff, AMCO INSURANCE COMPANY
SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1100 Van Ness Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93710
BRANCH NAME: UNLIMITED CIVIL

CASE NAME: AMCO v BUD LONG, ET AL

**FILED**
NOV - 6 2008
FRESNO COUNTY SUPERIOR COURT
By_____ LE -DEPUTY

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 08CECG03891 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [X] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): 1.

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 5, 2008
John F. Rutan, Jr., Esq #120266
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 2.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability (not asbestos or toxic/environmental) (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
  Contract/Warranty Breach—Seller Plaintiff (not fraud or negligence)
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (not eminent domain, landlord/tenant, or foreclosure)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (non-domestic relations)
  Sister State Judgment
  Administrative Agency Award (not unpaid taxes)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
  Declaratory Relief Only
  Injunctive Relief Only (non-harassment)
  Mechanics Lien
  Other Commercial Complaint Case (non-tort/non-complex)
  Other Civil Complaint (non-tort/non-complex)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

From:JJOC-OFFICE 714-953-2849                11/06/2008 12:40      #438 P.004/008

PLD-PI-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
John F. Rutan, Jr., Esq #120266
Law Offices of Goates & Chopak
1201 Dove St., #300

Newport Beach, CA 92660
TELEPHONE NO: 949.250.5524     FAX NO. *(Optional):* 949.250.5537
E-MAIL ADDRESS *(Optional):* 08-018621
ATTORNEY FOR *(Name):* Plaintiff, AMCO INSURANCE COMPANY

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO
STREET ADDRESS: 1100 Van Ness Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93710
BRANCH NAME: UNLIMITED CIVIL

PLAINTIFF: AMCO INSURANCE COMPANY

DEFENDANT: BUD LONG, INC; LONG CONSTRUCTION, INC;
GARRETT CONSTRUCTION, INC; PRECISION CIVIL ENGINEERING, INC
AND
[X] DOES 1 TO 50

F I L E D

NOV - 6 2008

FRESNO COUNTY SUPERIOR COURT
By _____
LE - DEPUTY

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*
**Type** *(check all that apply):*
[ ] MOTOR VEHICLE          [X] OTHER *(specify):* Insurance Subrogation
  [X] Property Damage          [ ] Wrongful Death
  [X] Personal Injury          [X] Other Damages *(specify):* Negligence
                  [X] Indemnity

**CASE NUMBER:**
0 B C E C G 03891   AMS

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded    [ ] does not exceed $10,000
             [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

1. Plaintiff *(name or names):* AMCO INSURANCE COMPANY

  alleges causes of action against defendant *(name or names):* BUD LONG, INC; LONG CONSTRUCTION, INC;
GARRETT CONSTRUCTION, INC; PRECISION CIVIL ENGINEERING, INC
2. This pleading, including attachments and exhibits, consists of the following number of pages: 5
3. Each plaintiff named above is a competent adult
  a. [X] except plaintiff *(name):* AMCO INSURANCE COMPANY
    (1) [X] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor    [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  b. [ ] except plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor    [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (a) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
Plus

Page 1 of 1
Code of Civil Procedure, § 425.12

From: JJOC-OFFICE 714-963-2847                    11/08/2009 12:41    #433 P.005/008

PLD-PI-001

| SHORT TITLE: AMCO v BUD LONG, ET AL. | CASE NUMBER: |
|---|---|

4. [ ] Plaintiff (name):
      is doing business under the fictitious name (specify):

      and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. [X] except defendant (name): BUD LONG, INC          c. [X] except defendant (name): GARRETT CONSTRUCTION, INC

      (1) [ ] a business organization, form unknown            (1) [ ] a business organization, form unknown
      (2) [X] a corporation                                    (2) [X] a corporation
      (3) [ ] an unincorporated entity (describe):             (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):                      (4) [ ] a public entity (describe):

      (5) [ ] other (specify):                                 (6) [ ] other (specify):


   b. [X] except defendant (name): LONG              d. [X] except defendant (name): PRECISION CIVIL
      CONSTRUCTION, INC                                 ENGINEERING, INC

      (1) [ ] a business organization, form unknown            (1) [ ] a business organization, form unknown
      (2) [X] a corporation                                    (2) [X] a corporation
      (3) [ ] an unincorporated entity (describe):             (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):                      (4) [ ] a public entity (describe):

      (5) [ ] other (specify):                                 (6) [ ] other (specify):


   [ ] Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. [X] Doe defendants (specify Doe numbers): 1 to 50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. [X] Doe defendants (specify Doe numbers): 1 to 50 _____ are persons whose capacities are unknown to plaintiff.

7. [ ] Defendants who are joined under Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. [ ] at least one defendant now resides in its jurisdictional area.
   b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
   d. [ ] other (specify):


9. [ ] Plaintiff is required to comply with a claims statute, and
   a. [ ] has complied with applicable claims statutes, or
   b. [ ] is excused from complying because (specify):


PLD-PI-001 [Rev. January 1, 2007]                  COMPLAINT—Personal Injury, Property          Page 1 of 3
                                                   Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: AMCO v BUD LONG, ET AL | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (each complaint must have one or more causes of action attached):

   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☒ Other (specify): Subrogation & Indemnity Attachment

11. Plaintiff has suffered

   a. ☐ wage loss
   b. ☒ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☐ loss of earning capacity
   g. ☒ other damage (specify): Plaintiff was obligated to pay, and did pay damages to, or on behalf of, its insured pursuant to the terms of plaintiff's insurance policy.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

   a. (1) ☐ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is (in cases for personal injury or wrongful death, you must check (1)):
      (1) ☐ according to proof
      (2) ☒ in the amount of: $ · plus legal costs and pre-judgment interest at 7%

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (specify paragraph numbers):

Date: November 5, 2008

John P Rutan, Jr.
(TYPE OR PRINT NAME)             (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]          **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**         Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE: AMCO v BUD LONG, ET AL | CASE NUMBER: |
|---|---|

FIRST (number) CAUSE OF ACTION—General Negligence Page 4

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff (name): AMCO INSURANCE COMPANY

alleges that defendant (name): BUD LONG, INC; LONG CONSTRUCTION, INC; GARRETT CONSTRUCTION, INC; PRECISION CIVIL ENGINEERING, INC

[X] Does 1 to 50

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on (date): 11/07/2005

at (place): at or near 1077 N Willow Avenue, Clovis, California

*(description of reasons for liability):*

Defendants, and each of them, negligently planned, hired, contracted with, subcontracted, engineered, constructed, built, graded, paved, supervised, entrusted, directed, trained, instructed or monitored work being performed at or near 1077 N Willow Avenue, Clovis, California, so as to allow work to be performed in such a negligent manner, and without adequate care, so as to cause, or allow, the surface of the parking lot area to contain or develop defects or other uneven surfaces, or depressions in the pavement so as to cause a hazard or unsafe condition to pedestrian traffic utilizing the pavement surface for its intended purpose. As a result, plaintiff was obligated to pay, and did pay, pursuant to the provisions of the insurance policy, damages in a sum according to proof, to or on behalf of its insured, Depot Properties One, for claims made against Depot Properties One.

CAUSE OF ACTION—General Negligence

Case 1:10-at-00863   Document 1   Filed 10/25/10   Page 27 of 45

AMCO v. BUD LONG, ET AL          CASE NO. _____        Page 5

1.    At all times mentioned, Plaintiff AMCO INSURANCE COMPANY was and is an insurance company organized under law and licensed to engage in business as such in the State of California.

2.    At all times herein mentioned, Depot Properties One, was insured by Plaintiff AMCO INSURANCE COMPANY to pay benefits for damage to insured property, namely the insured's business premises, inventory, property, furniture and fixtures, as well as liability damages, indemnity and defend against suits of third parties, for losses incurred at the insured's premises.

3.    By reason of the legal obligation imposed on Plaintiff AMCO INSURANCE COMPANY by said insurance policy, Plaintiff was obligated to pay and did pay a sum in an amount according to proof, to or on behalf of its insured for defense and indemnity damages for claims against plaintiff's insured as provided for under plaintiff's insurance policy.

4.    Pursuant to the terms of the policy and the laws of the State of California, AMCO INSURANCE COMPANY is legally, equitably and contractually subrogated to the rights and entitled to enforce the remedies of Depot Properties One in the sum according to proof, plus pre-judgment interest at 7% and legal costs.

5.    Pursuant to the laws of the State of California, AMCO INSURANCE COMPANY is entitled to legal, equitable, and implied indemnity from the defendants and each of them in a sum according to proof, plus prejudgment interest at 7% and legal costs.

*Filed by FAX*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| John F. Rutan, Jr., Esq #120266 | |
| Law Offices of Goates & Chopak | |
| 1201 Dove St., #300 | 08-018621 |
| Newport Beach, CA 92660 | |
| TELEPHONE NO.: 949.250.5524   FAX NO.: 949.250.5537 | |
| ATTORNEY FOR (Name): Plaintiff, AMCO INSURANCE COMPANY | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1100 Van Ness Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Fresno, CA 93710
BRANCH NAME: UNLIMITED CIVIL

CASE NAME: AMCO v BUD LONG, ET AL

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action (specify): 1

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 5, 2008

John F. Rutan, Jr., Esq #120266
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

*Legal Solutions Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# INSTRUC... IS ON HOW TO COMPLETE THE COVE.. HEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
　Medical Malpractice—Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD
Non-PI/PD/WD (Other) Tort
　Business Tort/Unfair Business Practice (07)
　Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
　Defamation (e.g., slander, libel) (13)
　Fraud (16)
　Intellectual Property (19)
　Professional Negligence (25)
　　Legal Malpractice
　　Other Professional Malpractice (*not medical or legal*)
　Other Non-PI/PD/WD Tort (35)
Employment
　Wrongful Termination (36)
　Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
　Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
　Negligent Breach of Contract/ Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case—Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ—Administrative Mandamus
　Writ—Mandamus on Limited Court Case Matter
　Writ—Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment (*non-domestic relations*)
　Sister State Judgment
　Administrative Agency Award (*not unpaid taxes*)
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
　Declaratory Relief Only
　Injunctive Relief Only (*non-harassment*)
　Mechanics Lien
　Other Commercial Complaint Case (*non-tort/non-complex*)
　Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief from Late Claim
　Other Civil Petition

# Fresno County Superior Court
## Alternative Dispute Resolution (ADR)
### Information Packet

**Overview & History**

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper and less stressful than going to court. Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participate in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "Forms" section. Also participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to a Complaint.*

**Disputes**

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include but are not limited to:

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes -- divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

**Processes:**

The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained and impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often assist parties in resolving disputes without having to go to court or trial. Below is a description of commonly used processes:

Case 1:10-at-00863   Document 1   Filed 10/25/10   Page 31 of 45

## Mediation

In mediation, the mediator (a neutral) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do. It is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other. Mediation often leads to better communication between the parties and lasting resolutions. It is particularly effective when parties have a continuing relationship, such as neighbors or businesses. It also is very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their concerns in a voluntary, confidential process while working towards a resolution. The mediation process is commonly used for most civil case types and can provide the greatest level of flexibility for parties.

## Arbitration

In arbitration, the arbitrator (a neutral) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation whereby the mediator helps the parties reach their own resolution. Arbitration normally is more informal, quicker, and less expensive than a lawsuit. In a matter of hours, an arbitrator often can hear a case that otherwise may take a week in court to litigate. This is because the evidence can be submitted by documents rather than by testimony.

1. Binding arbitration: Usually conducted by a private arbitrator, this process takes place outside of the court. "Binding" means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision.

2. Non-binding arbitration: May be ordered through the court (Judicial Arbitration) or conducted privately. In this process, the arbitrator's decision is "not binding." This means that if a party is not satisfied with the decision of the arbitrator, they can file a request for trial with the court within a specified time. However, depending on the process if that party does not receive a more favorable result at trial, they may have to pay a penalty.

## Case Evaluation

In case evaluation, the evaluator (a neutral) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at the least, help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. The case evaluation process is most effective when parties have an unrealistic view of the dispute, need outside assistance in determining case value, and or have technical or scientific questions to be worked out. This process is sometimes used in combination with mediation or arbitration.

## ADR Agreements:

Agreements reached through ADR are normally written and can become binding contracts that can be enforced by the court if the parties agree. Parties may choose to seek the advice of an attorney as to your legal rights and other matters relating to the dispute before finalizing any agreement.

### ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute. Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### Advantages

- Often quicker than going to trial, a dispute may be resolved in a matter or days or weeks instead of months or years.
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- Permits more participation and empowerment, allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- Often less stressful than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### Disadvantages of ADR

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

### Neutral Selection:

The selection of a neutral is an important decision. Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs and the Court have established qualification requirements for neutrals.

*A list of trained neutrals is available to assist parties on a fee-for-service basis. These individuals have met the requirements to participate on the Court's panel and provide private dispute resolution services. Panelists are not Court employees; therefore service, style and expertise will vary by individual provider.

Cases involving self-represented litigants or those unable to afford a private mediator, the court has three organizations that provide free or low cost mediation services through Dispute Resolution Program Act (DRPA) funding. These organizations include:

- **Better Business Bureau Mediation Center-** This organization provides mediation for small claims, landlord / tenant, business, consumer/ merchant, harassment, and neighborhood disputes. For more information about their services go to www.valleymediation.net .

    4201 W. Shaw Ave., Ste. 106
    Fresno, CA 93722
    559.256.6300 (phone)
    800.675.8118, ext. 300 (toll free)
    info@valleymediation.net

- **Fresno Pacific Mediation Services-** This organization is affiliated with Fresno Pacific University, Mediation Associates and Victim Offender Reconciliation Program (VORP). They offer mediation for cases involving contract, property, corporate partnerships, family, employment, organization, and victim/offender disputes. For more information go to www.peace.fresno.edu/mediate/.

    1717 S. Chestnut Avenue
    Fresno, CA 93702
    (559) 453-3423
    mediation.services@fresno.edu

- **San Joaquin College of Law Mediation Center-** This organization provides free mediation to self-represented parties regarding family law property disputes only. They also assist with the preparation of marital settlement agreements for divorcing parties. For more information go to www.sjcl.edu and click on mediation.

    905 5th Street
    Clovis, CA 93612
    (559) 323-2100

For more information, go to www.fresnosuperiorcourt.org/alternative_dispute_resolution or contact :

Mari Henson, Administrator
 2317 Tuolumne St., Fresno CA. 93721
TEL (559) 497-4194, FAX (559) 497-4293
mhenson@fresno.courts.ca.gov

John Montelano, Asst. Administrator
 2317 Tuolumne St., Fresno CA. 93721
TEL (559) 497-4195, FAX (559) 497-4293
jmontelano@fresno.courts.ca.gov

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO: FAX NO: ATTORNEY FOR (Name): | |
| **SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO** 1100 Van Ness Avenue Fresno, California 93724-0002 (559) 488-2778 | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

    Address:

    City, State, Zip:

    Phone Number:

The parties acknowledge that they shall engage in some form of Alternative Dispute resolution (ADR). The Alternative Dispute resolution (ADR) must be completed within 180 days after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

_____     _____     _____
Date            Type or Print Name          Signature of Party or Attorney for Party

_____     _____     _____
Date            Type or Print Name          Signature of Party or Attorney for Party

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

FADR-01 E12-05        **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                       FAX NO:<br>ATTORNEY FOR *(Name)*:<br>**SUPERIOR COURT OF CALIFORNIA – COUNTY OF FRESNO**<br>1100 Van Ness Avenue<br>Fresno, California 93724-0002<br>(559) 488-2778 | |
| Case Name: | Case Number |
| **ALTERNATIVE DISPUTE RESOLUTION<br>STATUS REPORT (ADR)** | |

**Type of Civil Case:**
☐ Personal Injury – Property Damage/Auto  ☐ Personal Injury – Property Damage  ☐ Contract  ☐ Other _____

Date Complaint Filed: _____

Date of Alternative Dispute Resolution (ADR) Conference: _____
Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

**Amount in controversy:**
☐ $0 to $25,000  ☐ $25,000 to $50,000  ☐ $50,000 to $100,000  ☐ Over $100,000 (specify) _____

**Case resolved by Alternative Dispute Resolution:**
☐ Yes   (proper filing of a Notice of Settlement or Dismissal form is required by clerk's office)

☐ No    Reason: _____

**Alternative Dispute Resolution process concluded:**
☐ Yes

☐ No    Reason for delay: _____
        Next scheduled hearing date: _____

**Type of resolution process was used:**
☐ Mediation    ☐ Arbitration    ☐ Neutral Case Evaluation    ☐ Other (specify) _____

**Case was resolved by:**
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR process

Check the box of the closest estimated dollar amount that you in attorney fees and/or expert witness fees:

☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000   ☐ More than $1,000 (specify) _____
Check the box of the closest estimated dollar amount spent on the dispute resolution process over and above the dollar amount that would have been spent on the traditional litigation process:
☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ More than $1,000 (specify) _____

**ALTERNATIVE DISPUTE RESOLUTION<br>STATUS (ADR) REPORT**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days        ☐ 1 Day        ☐ More than 1 day (specify)_____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days        ☐ 1 Day        ☐ More than 1 day (specify)_____

I would you be willing use the dispute resolution process again:

☐ Yes           ☐ No

16. Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

_____

_____

_____

CIV-050

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| John F. Rutan, Jr., Esq #120266<br>Law Offices of Goates & Chopak<br>1201 Dove St., #300<br>Newport Beach, CA 92660 | 949.250.5524<br><br>08-018621 | |

ATTORNEY FOR (Name): Plaintiff, AMCO INSURANCE COMPANY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   FRESNO
STREET ADDRESS:   1100 Van Ness Avenue
MAILING ADDRESS:
CITY AND ZIP CODE:   Fresno, CA 93710
BRANCH NAME:   UNLIMITED CIVIL

PLAINTIFF:   AMCO INSURANCE COMPANY
DEFENDANT:   BUD LONG, INC; LONG CONSTRUCTION, INC;

| | CASE NUMBER: |
|---|---|

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

To (name of one defendant only):   BUD LONG, INC
Plaintiff (name of one plaintiff only):   AMCO INSURANCE COMPANY
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. General damages | |
|    a. ☐ Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    b. ☐ Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    c. ☐ Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    d. ☐ Loss of society and companionship (wrongful death actions only) . . . . . . . . . . . . . . | $ _____ |
|    e. ☐ Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    f. ☐ Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    g. ☐ Continued on Attachment 1.g. | |
| 2. Special damages | |
|    a. ☐ Medical expenses (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    b. ☐ Future medical expenses (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    c. ☐ Loss of earnings (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    d. ☐ Loss of future earning capacity (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    e. ☐ Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    f. ☐ Funeral expenses (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    g. ☐ Future contributions (present value) (wrongful death actions only) . . . . . . . . . . . . . | $ _____ |
|    h. ☐ Value of personal service, advice, or training (wrongful death actions only) . . . . . . | $ _____ |
|    i. ☒ Other (specify) Insurance Subrogation for liability claim bodily injury, property and related damages | $ 500,000.00 |
|    j. ☐ Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    k. ☐ Continued on Attachment 2.k. | |

3. ☐ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) . $ _____
when pursuing a judgment in the suit filed against you.

Date: November 5, 2008

John F. Rutan, Jr., Esq #120266                              _____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                            Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 (Rev. January 1, 2007)
**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)
Legal Solutions Plus                Code of Civil Procedure, §§ 425.11, 425.115

CIV-050

| PLAINTIFF: AMCO INSURANCE COMPANY | CASE NUMBER: |
|---|---|
| DEFENDANT: BUD LONG, INC; LONG CONSTRUCTION, INC; | |

**PROOF OF SERVICE**

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages    ☐ Other *(specify)*:

   b. on *(name)*:
   c. by serving ☐ defendant    ☐ other *(name and title or relationship to person served)*:

   d. ☐ by delivery    ☐ at home    ☐ at business
      (1) date:
      (2) time:
      (3) address:

   e. ☐ by mailing
      (1) date:
      (2) place:

2. Manner of service *(check proper box)*:
   a. ☐ Personal service. By personally delivering copies. (CCP § 415.10)
   b. ☐ Substituted service on corporation, unincorporated association (including partnership), or public entity. By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ Substituted service on natural person, minor, conservatee, or candidate. By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) (Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)
   d. ☐ Mail and acknowledgment service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) (Attach completed acknowledgment of receipt.)
   e. ☐ Certified or registered mail service. By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) (Attach signed return receipt or other evidence of actual delivery to the person served.)
   f. ☐ Other *(specify code section)*:
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

▶ _____
(SIGNATURE)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>**CIVIL DEPARTMENT, CENTRAL DIVISION**<br>2317 Tuolumne Street<br>Fresno, California  93721<br>(559) 497-4100 | FOR COURT USE ONLY |
| TITLE OF CASE:<br><br>**Mt. Hawley vs Lexington Insurance** | Filed<br>  Fresno County<br><br>SEPTEMBER  09, 2010<br>By System |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND**<br>**ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br><br>  **10CECG03176JH** |

**To All Parties and their Attorneys of Record:**

> This case has been assigned to Judge **Jeff Hamilton** for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **JANUARY  10, 2011** at **01:30 PM** in **Dept 97E, 2317 Tuolumne** located at **2317 Tuolumne Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rules Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

> IMPORTANT: This hearing is <u>not</u> a trial. It is for the court to inquire as to the status of the case and to determine what future hearings, including a trial date, need to be set.

---

### DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **September 9, 2010**        Clerk, by  _____ , Deputy

<b>L. Esparza</b>

---

# Alternative Dispute Resolution Information Packet

## Overview & History

Alternative Dispute Resolution (ADR) is an increasingly popular option that allows people to resolve disputes outside of court in a cooperative manner. ADR can be faster, cheaper, and less stressful than going to court.  Most importantly, the use of ADR can provide greater satisfaction with the way disputes are resolved.

 ADR has been gradually evolving within the Fresno Superior Court for the past several years. In 1999 the Court recognized a need for greater public access to dispute resolution for cases and established an ADR Department. This department assists parties by providing information regarding ADR processes and services.

*Additionally, in 2006 a Case Management Conference (CMC) order was implemented requiring parties in general civil cases to participation in ADR prior to trial. This order and supporting ADR forms can be found on the court's website, www.fresnosuperiorcourt.org under the "forms," section.   Also, participation in ADR does not eliminate the need for proper and timely filing of case documents, such as an Answer to Complaint.*

## Disputes

ADR techniques have been used successfully in a variety of disputes involving individuals, small and large businesses, government, and the general public. Various types of ADR processes are available depending on the nature of the dispute. Many types of conflict often lend themselves to an alternative and informal method of dispute resolution. Some examples of disputes often settled by ADR include **but are not limited to:**

- Business disputes- contracts, partnerships
- Property / Land use disputes- property transfers, boundaries, easements
- Family disputes -- divorce, property, custody, visitation, support issues
- Consumer / Collection disputes- repairs, services, warranties, debts
- Employment disputes- employment contracts, terminations
- Landlord/tenant disputes- evictions, rent, repairs, security deposits
- Neighborhood disputes / Relational disputes or other civil or personal conflicts
- Personal Injury / Insurance disputes- accidents, coverage, liability

## Processes:

 The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In most ADR processes, a trained, impartial person decides or helps the parties reach resolution of their dispute together. The persons are neutrals who are normally chosen by the disputing parties or by the court. Neutrals can often help parties resolve disputes without having to go to court or trial.  Below is a description of commonly used processes:

## ADR Process Selection & Information:

There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini-trial, Victim Offender conferencing, and summary jury trial. Sometimes parties will try a combination of ADR types. The important thing is to find the type of ADR that is most likely to resolve the dispute.  Contact the ADR department staff for assistance for additional information and referral to services appropriate for each specific case.

## Advantages & Disadvantages of ADR:

### *Advantages*

- **Often quicker than going to trial,** a dispute may be resolved in a matter or days or weeks instead of months or years.
- **Often less expensive,** saving the litigants court costs, attorney's fees and expert fees.
- **Permits more participation and empowerment,** allowing the parties the opportunity to tell their side of the story and have more control over the outcome.
- **Allows for flexibility** in choice of ADR processes and resolution of the dispute.
- **Fosters cooperation** by allowing the parties to work together with the neutral to resolve the dispute and mutually agree to a remedy.
- **Often less stressful** than litigation. Most people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the lawsuit becomes costly. ADR has been used to resolve disputes even after trial, when the result is appealed.

### *Disadvantages of ADR*

- ADR may not be suitable for every dispute.
- If the ADR process is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services. If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs, such as attorney's fees and expert fees.
- Lawsuits must be brought within specified periods of time, known as Statutes of Limitations. Parties must be careful not to let a Statute of Limitation run while a dispute is in an ADR process

## Neutral Selection:

The selection of a neutral is an important decision.  Please note that currently there is no legal requirement that the neutral be licensed or hold any particular certificate. However, the Court and many private programs have established qualification requirements and standards of conduct for their neutral panels.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                          FAX NO:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
2317 Tuolumne Street
Fresno, California 93721-1220
(559) 497-4195

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other _____

The parties further stipulate that _____ has been selected as the mediator/arbitrator/neutral.

Address: _____

City, State, Zip _____

Phone Number:   ( ) _____

The parties acknowledge that they shall engage in some form of Alternative Dispute Resolution (ADR).  The Alternative Dispute Resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference.  Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| _____ | _____ | _____ |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| _____ | _____ | _____ |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐   Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

TADR-01  R01-09          STIPULATION REGARDING ALTERNATIVE  DISPUTE RESOLUTION (ADR)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:                    FAX NO:<br>ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**
2317 Tuolumne Street
Fresno, California 93721-1220
(559) 497-4195

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |
|---|---|

Type of Civil Case:
☐ Personal Injury -- Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☐ Other  _____

Date Complaint Filed:  _____

Amount in controversy:
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☐ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference:  _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:
_____

Case resolved by Alternative Dispute Resolution:

☐ Yes    (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No    Reason: _____

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No    Reason for delay: _____
Next scheduled hearing date:  _____

Type of resolution process used:
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

TADR-03 R01-09            **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**            Page 1 of 2

Clyde C. Greco, Jr., Esq., SBN 085970
clyde.greco@gtlaw.cc
Peter J. Schulz, Esq., SBN 167646
pjs@gtlaw.cc
GRECO TRAFICANTE SCHULZ & BRICK
185 West F Street, Suite 400
San Diego, California 92101
Tel:    (619) 234-3660
Fax:    (619) 234-0626
Attorneys for Plaintiff MT. HAWLEY INSURANCE COMPANY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| MT. HAWLEY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY,<br>and DOES 1 through 100,<br><br>Defendants. | Case No.: 10CECG03176JH<br><br>**REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**Date:**    November 15, 2010<br>**Time:**    4:00 p.m.<br>**Location:**  Greco Traficante Schulz<br>& Brick<br>185 West F Street, #400<br>San Diego, CA 92101 |

PROPOUNDING PARTY:   Plaintiff MT. HAWLEY INSURANCE COMPANY

RESPONDING PARTY:    Defendant LEXINGTON INSURANCE COMPANY

SET NO.:              One

To Defendant LEXINGTON INSURANCE COMPANY and to its Attorneys of record:

Plaintiff MT. HAWLEY INSURANCE COMPANY requests that you respond to the following Request For Production of Documents separately and fully in writing and under oath in accordance with California Code of Civil Procedure Section 2031.010 et seq. on or before 4:00 p.m. on November 15, 2010 at the law offices of Greco Traficante Schulz & Brick, 185 West F Street, Suite 400, San Diego, CA 92101.

1       Plaintiff MT. HAWLEY INSURANCE COMPANY further requests that said

2  documents be produced on or before 4:00 p.m. on November 15, 2010 at the law offices

3  of Greco Traficante Schulz & Brick, 185 West F Street, Suite 400, San Diego, CA 92101,

4  (619) 234-3660.

5  **REQUEST FOR PRODUCTION OF DOCUMENTS**

6  **REQUEST FOR PRODUCTION NO. 1:**

7       A certified copy of LEXINGTON INSURANCE COMPANY Policy No. 1141789

8  for the period 1/31/03-1/31/04, and any additional insured endorsements thereto.

9  **REQUEST FOR PRODUCTION NO. 2:**

10       A certified copy of LEXINGTON INSURANCE COMPANY Policy No. 1142835 for

11  the period 1/13/05-1/13/06, and any additional insured endorsements thereto.

12  **REQUEST FOR PRODUCTION NO. 3:**

13       Any LEXINGTON INSURANCE COMPANY policy issued to Fresno Plumbing &

14  Heating, Inc. for the period 1/31/04-1/13/05, and any additional insured endorsements thereto.

16  Dated: September 16, 2010    GRECO TRAFICANTE SCHULZ & BRICK

18      By: _____

19         Clyde C. Greco, Jr., Esq.
       Peter J. Schulz, Esq.

20         Attorneys for Plaintiff
       MT. HAWLEY INSURANCE COMPANY